IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES B. SECREST,

      Plaintiff,

  v.                                                   Civil Action 2:16-cv-990
                                                     Judge Michael H. Watson
                                                     Magistrate Judge Jolson

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

## REPORT AND RECOMMENDATION

This previously dismissed social security case returns to this Court while it is pending in the United States Court of Appeals for the Sixth Circuit. The case is presently pending here on Defendant's Unopposed Motion for an Indicative Ruling on a Motion for Relief From Judgment. (Doc. 28). Defendant asks this Court to indicate whether it is inclined to grant relief from its March 27, 2017 judgment entry, in the event the Sixth Circuit remands the case for that purpose. The March 27, 2017 judgment entry documented this Court's decision to affirm the decision of the Administrative Law Judge (ALJ) denying Plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income. (*See* Docs. 19–22).

Plaintiff's presently pending appeal in the Sixth Circuit deprives this Court of jurisdiction over issues involved in his appeal. *See Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) and citing *United States v. Garcia–Robles*, 562 F.3d 763, 767–68 (6th Cir. 2009)). This Court, however, may take certain steps towards reviving its jurisdiction in limited circumstances. These steps arise under Fed. R. Civ. P. 62.1, which provides in pertinent part:

(a) **Relief Pending Appeal.** If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

(1) ...

(2) ...

(3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

An indicative ruling is warranted under Rule 62.1(a)(3) because Defendant now agrees, for the first time in this case, that a remand of this matter to the Social Security Administration is warranted pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 28 at 2). "The Commissioner, moreover, normally opposes a high percent of requests for remand, at least in this District." *Brown v. Comm'r of Soc. Sec. Admin.*, Case No. 3:14cv00451, Doc. 20 at 2 (S.D. Ohio June 21, 2016). Given this and the lack of a present dispute in this Court, confidence is nearly absolute that, in the event the Court of Appeals remands this case, a Motion for Relief from the judgment would be granted and a remand for further administrative proceedings would be warranted under sentence four of 42 U.S.C. §405(g). *See id.*

IV. **CONCLUSION**

For the reasons stated, it is **RECOMMENDED** that Defendant's Unopposed Motion for an Indicative Ruling on a Motion for Relief From Judgment (Doc. 28) be **GRANTED** and that the Court issue an Order indicating that it is inclined to grant relief from its March 27, 2017 judgment entry should the court of appeals remand for that purpose.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

    IT IS SO ORDERED.


Date: September 28, 2017            /s/ Kimberly A. Jolson
                                                      KIMBERLY A. JOLSON
                                                      UNITED STATES MAGISTRATE JUDGE